**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CLINT B. CHISEM, ADC # 146469                                                          PLAINTIFF

v.                                           3:15CV00218-DPM-JJV

RONNIE COLEMAN, Jail Administrator,
Crittenden County Jail; *et al.*                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States District Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Clint B. Chisem ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 4). He alleges several unrelated violations of his constitutional rights. (*Id*. at 1-5.) After review of his Amended Complaint, I conclude that his claims against Defendants Mandy Childress and Marni Dickerson for inadequate treatment of his shoulder, arm, and rib injuries should proceed past screening. All other Defendants and claims should be dismissed.

### II.  SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Plaintiff alleges that Defendants violated his rights during his incarceration at the Crittenden County Jail. Specifically, he alleges that: (1) he was denied adequate medical care for injuries to his ribs, shoulder, and right arm; (2) he was not treated for eczema and acid reflux disease; (3) he was not afforded timely treatment for depression and anxiety; (4) he did not receive adequate recreation time; (5) his two-man cell was so cramped as to represent unconstitutional conditions of confinement; (6) many of his grievances were ignored by prison officials; and (7) he was not provided with unspecified hygiene items or envelopes. (Doc. No. 4 at 1-5.)

On August 5, 2015, after review of Plaintiff's initial Complaint (Doc. No. 2), I noted that these claims were not sufficiently related to proceed in a single suit. (Doc. No. 3 at 2-3.) I offered Plaintiff a chance to amend his Complaint in order to state only related claims. (*Id*. at 3.) He availed himself of the chance to amend, but failed to narrow his claims in any meaningful way. (Doc. No. 4.) Rather than dismissing his entire suit, I recommend that he be allowed to proceed only with those medical claims related to his rib, shoulder, and arm injuries. All other claims should be dismissed. *See* Fed. R. Civ. P. 20(a)(2) (claims against multiple parties must arise out of the same transaction or occurrence).

3

Additionally, Plaintiff's claims against Defendants Ronnie Coleman and Mike Allen for treatment of his rib, shoulder, and arm injuries should be dismissed. Plaintiff's alleges that Coleman ignored or otherwise failed to process his grievances. (Doc. No. 4 at 1.) There is no constitutional violation for failure to process or respond to a prison grievance, however. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff's claims against Sheriff Allen correspond to his supervisory authority over the Crittenden County Jail. (Doc. No. 4 at 5.) This is insufficient to sustain a claim against him.[1] *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (holding that an individual cannot be held liable under section 1983 solely on the basis of his general supervisory authority over an institution or department).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff be allowed to proceed only with those claims which relate to the medical treatment of his arm, rib, and shoulder. All other claims should be DISMISSED without prejudice.

2. Defendants Ronnie Coleman and Mike Allen be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 20th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does allege that Sheriff Allen "doesn't let his inmates get the med. attn. needed." (Doc. No. 4 at 1.) This allegation is too vague to sustain a claim against the sheriff, however. If Plaintiff has omitted claims which would implicate this defendant's personal involvement in his care, he may include them in his objections to this suit.