# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

CLINT B. CHISEM                                                                                                    PLAINTIFF

v.                                    3:15CV00218-DPM-JJV

RONNIE COLEMAN, Jail Administrator,
Crittenden County Jail; *et. al,*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2.Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  INTRODUCTION

Clint Chisem ("Plaintiff") alleges Defendants Mandy Childress and Marni Dickerson violated his rights when they acted with deliberate indifference toward his serious medical needs. (Doc. Nos. 2, 4.)  Plaintiff had broken his ribs a few days before being taken into custody, so while in jail he says he needed to see a doctor.  Although he filled out multiple requests to be treated, jailers never responded.  (Doc. No. 2.)  He also says he needed medical care for his acid reflux, eczema, arthritis in his right shoulder, and pain in his right arm.  (*Id.*)  He claims he did not receive any medication for two months or see a doctor for three months.  (*Id.*)

Now pending is Defendants' Motion for Summary Judgment.  (Doc. No. 26.)  Plaintiff has not responded.

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

The record establishes that on February 23, 2015, Plaintiff was booked into the Crittenden County Detention Center. Although he complained that his ribs hurt on the left side and he had shoulder problems, the records reveal he refused to see medical. (Doc. No. 28-2.)

On April 7, 2015, Plaintiff filed a grievance stating his father had passed away and he was suffering from depression and anxiety. (Doc. No. 28-3.) In response, Defendant Dickerson evaluated Plaintiff and noted he showed no signs of distress. (*Id.*) In her notes, she also expressed doubt about Plaintiff's broken ribs because he had never been seen by a medical professional. (*Id.*) She confirmed Plaintiff had not been prescribed ibuprofen as he alleged. (*Id.*)

On April 13, 2015, Plaintiff filed another grievance claiming he came to the facility with broken ribs and needed to see a doctor. (Doc. No. 28-4.) He also stated he was being denied medication for eczema and over the counter pain medication. (*Id.*) Defendant Dickerson again responded and noted that Plaintiff had never been diagnosed with broken ribs, but she checked his chest and saw it was symmetrical and the rise and fall of his breathing was even. (*Id.*) She then

3

offered to wrap his chest to provide comfort and stability, but Plaintiff refused. (*Id.*)

On April 14, 2015, Plaintiff filed a request for medical care for anxiety, depression, ribs, shoulder and gun shot injuries, and arthritis. (Doc. No. 28-5.) Defendant Dickerson saw Plaintiff the same day and found his breathing to be even and unlabored, and found his chest movement to be even. (*Id.*)

On April 30, 2015, Plaintiff filed another request for medical care, stating he had been there a month and was denied medical care. (Doc. No. 28-6.) He again complained about the broken ribs, eczema, and arthritis. (*Id.*) Defendant Dickerson saw him again and noted there was no swelling or bruising to suggest broken ribs. (*Id.*) However, the staff nurse practitioner prescribed Prilosec for Plaintiff. (*Id.*)

On May 4, 2015, Plaintiff filed a request for medical care because his shoulder came out of socket in his sleep, and he wanted ibuprofen for pain. (Doc. No. 28-7.) Defendant Childress sent Plaintiff two packs of ibuprofen on May 5, 2015. (*Id.*) On May 13, 2015, Plaintiff filed another request for medical care because his eczema was irritated, and he had run out of cream. (Doc. No. 28-8.) Defendant Childress referred Plaintiff to see the nurse practitioner, who diagnosed Plaintiff with shoulder pain, yeast infection, and anxiety. (Doc. No. 28-9.) The nurse practitioner prescribed Diflucan, Celexa, Diclofenac, and Clobetasol. (*Id.*)

On June 30, 2015, Plaintiff filed another grievance saying his shoulder was out of socket again. (Doc. No. 28-10.) Defendant Dickerson saw Plaintiff and noted his shoulder did not droop, nor was there swelling or redness. (Doc. No. 28-11.) Because Plaintiff had a history of hoarding medication, she advised him he could buy over the counter medication at the commissary. (*Id.*)

On July 14, 2015, Plaintiff filed a staff communication form stating he was in pain, and the nurse had taken him off his medication. (Doc. No. 28-12.) He also claimed to be indigent so he

4

could not afford over the counter medication. (*Id.*) Defendant Dickerson replied she had taken him off medication because he had been hoarding it. (*Id.*) She also noted he had available funds and had purchased food from the commissary but not medicine. (*Id.*) On August 4, 2015, Plaintiff was seen by a doctor who diagnosed him with shoulder pain, gastroesophageal reflux disease, and yeast infection and prescribed Diclofenac, Maalox, Diflucan, and Triamcinolone. (Doc. No. 28-13.) Plaintiff was released from Crittendan County Jail on August 24, 2015. (Doc. No. 28-14.)

Plaintiff has not submitted a response to rebut the accuracy of the Statement of Facts, so they are accepted as the undisputed facts of this case. (Doc. No. 28.) And after careful review of the pleadings in this matter, I find that Plaintiff's allegations do no rise to deliberate indifference.

Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). A plaintiff must show he suffered "objectively serious medical needs . . ." and "the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Defendants evaluated Plaintiff nine times for his medical issues during his six-month stay at Crittenden County Detention Center. He was reasonably prescribed pain and acid reflux

5

medication and only denied medication after he was found to be hoarding it. The medical staff quickly responded to his requests for medical care and provided reasonable care based on the clinical findings. Plaintiff has failed to show that any of his medical needs were serious, nor has he shown that the prison officials deliberately disregarded those needs. Therefore, I find there was no deliberate indifference to his medical care, and I recommend dismissal of this action.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants Mandy Childress and Marni Dickerson's Motion for Summary Judgment (Doc. No. 26) be GRANTED.

2. Plaintiff's claims against these Defendants be DISMISSED with prejudice.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE